BERTRAM H. BORDEN & others, executors, *vs.* TREASURER AND RECEIVER GENERAL & others.

Bristol.    March 17, 1915. — May 20, 1915.

Present: RUGG, C. J., LORING, BRALEY, PIERCE, & CARROLL, JJ.

*Tax,* On legacies and successions.

Shares of capital stock of Massachusetts corporations owned by one domiciled in another State at the time of his death were subject to the succession tax imposed by St. 1909, c. 490, Part IV, § 1, as amended by St. 1909, c. 527, § 1; and, where it appeared that by the laws of that State and under the decision in *Bliss* v. *Bliss, ante,* 201, a "like exemption" was made in favor of citizens of this Commonwealth to that given to non-residents by St. 1909, c. 490, Part IV, § 3, as amended by St. 1911, c. 502, § 1, such shares were subject only to such portion of the tax as was in excess of the tax imposed by the laws of that State.

RUGG, C. J. Matthew C. D. Borden died domiciled in New York on May 27, 1912, leaving an estate which consisted in part of stock in Massachusetts corporations. As the death occurred two days before St. 1912, c. 678 went into effect, the succession tax on his estate is governed by St. 1909, c. 490, Part IV, § 3, as amended by St. 1911, c. 502, § 1. Under that statute the stock of a non-resident decedent in Massachusetts corporations was sub-

ject to a succession tax. By reason of the provisions of the New York succession tax law (which in general imposes a tax of like character as does our statute), relieving the estate of a deceased non-resident, including a deceased resident of Massachusetts, from a succession tax on shares owned in New York corporations, the estate of the deceased resident of New York owning shares in Massachusetts corporations is entitled to the exemption provided in our succession tax law. This case is governed by the decision just rendered in *Bliss* v. *Bliss, ante,* 201, argued with the case at bar, where the reasons are set forth at length.

The decree of the Probate Court was right and is

*Affirmed.*

*C. F. Rowley,* for the executors, was present but did not address the court.

*W. H. Hitchcock & A. E. Seagrave,* Assistant Attorneys General, for the Treasurer and Receiver General.

*J. F. Jackson & F. T. Field,* for the respondents Bertram H. Borden and others.